BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

MAY -1 1972

IN RE KING RESOURCES COMPANY    )
SECURITIES LITIGATION           )          DOCKET NO. 79

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE
PANEL

PER CURIAM

King Resources Company originally requested transfer
of nine actions[1]/ in which it is named defendant to the
District of Colorado for coordinated or consolidated pretrial
proceedings pursuant to 28 U.S.C. §1407. Subsequently, another
common defendant in this litigation, Timothy G. Lowry, moved
for the inclusion of an additional action, Joseph N. Morell
v. John M. King, N.D. Ohio, Civil Action No. C-71-805, in any
transfer. And, finally, Orders to Show Cause were entered in
three additional actions, William D. Neary v. Investors Over-
seas Service, Ltd., D. N.J., Civil Action No. 235-71, Securities

---

* Although Judges Murrah, Weinfeld and Robson were not pre-
sent at the second hearing on this matter, they have, with
the consent of all parties, participated in this decision.
1/ Since the filing of the motion and the hearings on this
matter, one of the actions originally included in the motion,
Harold Bottger v. King Resources Co., D. N.J., Civil Action
No. 83-71, has been transferred to the District of Colorado
pursuant to 28 U.S.C. §1404(a). No further discussion of this
case is necessary.

- 2 -

and Exchange Commission v. Crofters, Inc., S.D. Ohio, Civil
Action No. 70-351, and Dietrich Corporation v. King Resources
Co., D. Colo., Civil Action No. C-3424.

Since the filing of its motion, King Resources has
been placed in Chapter X reorganization by its creditors and
that proceeding, commenced in the Northern District of Texas,
is now pending in the District of Colorado.  The reorganiza-
tion trustee has adopted the motion for transfer and has indi-
cated that he believes only nine of the twelve actions now
before the Panel should be transferred to Colorado for pre-
trial proceedings.[2]  After extensive briefing by the parties
and two hearings on the question of transfer, we order four
actions brought by stock and debenture holders of King
Resources transferred to Colorado,[3] deny as unwarranted the
transfer of two actions brought by the Securities and Exchange
Commission  and two actions pending in the District of Oregon,[4]

---

2/  The trustee asks for the transfer of all actions except
Stoddard H. Pyle v. K. R. Funds, Inc., D. Ore., Civil Action
No. 71-299; Robert E. Staley v. Wolf Corp., D. Ore., Civil
Action No. 70-695; Securities & Exchange Commission v. Crofters,
Inc., S.D. Ohio, Civil Action No. 70-351.
3/  Dietrich Corp. v. King Resources Co., D. Colo., Civil Action
No. C-3424; Leonard Gross v. Blyth & Co., D. Ore., Civil Action
No. 70-751; Joseph N. Morell v. John M. King, N.D. Ohio, Civil
Action No. C-71-805; Donald J. Licker v. King Resources Co.,
N.D. Calif., Civil Action No. C-71-882-RHS.
4/  Stoddard H. Pyle v. K. R. Funds, Inc., D. Ore., Civil Action
No. 71-299; Robert E. Staley v. The Wolf Corp., D. Ore., Civil
Action No. 70-695; Securities & Exchange Commission v. Crofters,
Inc., S.D. Ohio, Civil Action No. 70-351; and Securities & Exchange
Commission v. King Resources Co., D. Colo., Civil Action No.
C-2858.

- 3 -

and deny transfer of the remaining four actions without pre-
judice to later applications for transfer.[5]

I.  The Stockholder Actions

In January of 1971, the SEC filed a complaint against
King Resources, John M. King, and two other officers and
directors of King Resources,[6] alleging violations of the
Securities Act of 1933, 15 U.S.C. §§77e(a), 77e(c) and 77q(a),
and the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b),
78m and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5.  Four
actions,[7] which closely followed the allegations of the SEC
complaint, were then brought by holders of the stock and
debentures of King Resources.  The central allegations
of both the SEC complaint and the private complaints are that
King Resources made false  and misleading statements in 1970
concerning its general operations, transactions entered into
with Investors Overseas Services, Ltd., and other transactions

---

[5] Financial Data Relations, Inc. v. The Colorado Corp.,
C.D. Calif., Civil Action No. 71-1096-DWW; William D. Neary
v. IOS, Ltd., D. N.J., Civil Action No. 235-71; Delafield
Capital Corp. v. King Resources Co., D. Colo, Civil Action
No. C-2524; Mercantile Bank & Trust Co., Ltd. v. King
Resources Co., D. Colo., Civil Action No. C-2959.
[6] Securities & Exchange Commission v. King Resources Co.,
D. Colo., Civil Action No. C-2858.
[7] See actions cited note 2, supra.  Although the Gross action
in Oregon was commenced before the SEC action, an amended com-
plaint containing common allegations was filed by plaintiff
several months after the SEC complaint was filed.

- 4 -

with trusts created for the benefit of the families of certain of its officers and directors.[8]

The SEC action is now far advanced.  A final judgment of permanent injunction has been obtained against King Resources, its officers, directors and employees and the action is apparently continuing only against the individual defendants.  Substantial discovery has apparently been completed, as well as an investigation by special counsel appointed to determine the existence of possible causes of action on behalf of King Resources.

Three of the four stockholder complaints seek to represent classes of King Resources securities holders and although there is great variety in the definitions of the proposed classes, the conflict between them is obvious.  The Gross action seeks to represent several different classes of stock and convertible debenture holders.[9]  The Morrell action alleges a class of all King Resources stockholders similarly situated, while Dietrich proposes two classes -- one composed

---

[8]  In addition, the Gross complaint contains allegations of the sale of unregistered stock and debentures similar to the allegations in the SEC complaint.  The Dietrich complaint is the broadest of the four private complaints and contains allegations of misconduct not appearing in the SEC complaint or in the other private complaints.

[9]  In summary, Gross requests approval of the following classes: (1) A class of all stockholders within the geographic area of the United States Court of Appeals for the Ninth Circuit who purchased stock not registered under federal law or sold in violation of Rule 10b-5; (2) A class of all stockholders who purchased in Oregon stock not registered under Oregon law; (3) A class of all debenture holders within the Ninth Circuit who purchased debentures sold in violation of Rule 10b-5; (4) A class of all debenture holders who purchased in Oregon debentures not registered under Oregon law.

- 5 -

of purchasers of King Resources common stock within a specified period and the other of purchasers of King Resources debentures during a different period. The Licker action, although brought by a King Resources stockholder, contains no class allegations.

In should also be noted that two of these four actions name as defendants the brokerage firms which secured the King Resources stock and debentures for the plaintiffs. Plaintiff Gross has named as defendants Blyth & Co. and several of its individual executives and has alleged their oral statement of untrue facts in connection with the sales. Similar allegations are made by plaintiff Licker against San Francisco Investment Corp. and its individual executives.

II. Other Actions

The remaining actions are brought by a variety of plaintiffs and arise from a variety of different transactions in which King Resources are involved. Two of the actions,[10] brought by plaintiffs Pyle and Staley, involve limited partnerships for oil and mineral exploration which apparently were not sold to the general public. The remaining three actions included in the original motion seem to have little in common. The complaint filed by Financial Data Relations in the Central District of California asserts two claims, the major one involving an alleged breach of contract between the plaintiff

---

[10] These two actions, and three others not included in the motion, have been consolidated by order of the Oregon district court.

- 6 -

and King Resources to secure financing for the latter company.
The secondary claim involves alleged violations of the federal
securities laws in connection with sales of King Resources
stock.  One of the other two actions[11] apparently involves
the question of ownership of certain shares of Investors
Overseas Services, Ltd. and the other is brought on a note
issued by King Resources to Delafield Capital Corp.[12]

Two additional actions in which King Resources was named
a defendant were included in this litigation by orders to
show cause.  The first action, brought by the SEC in the
Southern District of Ohio, involved an alleged scheme to
defraud various agencies of the State of Ohio in connection
with the sale of promissory notes of a number of different
issuers.  Among the many notes sold were two issued by King
Resources.  This action has been pending for more than a
year and a substantial amount of discovery has been completed.

Finally, an order to show cause was entered in the Neary
action, brought in the District of New Jersey by the trustee
for the trade creditors of King Resources.  The trustee seeks
to recover, as assignee, on a note given to King Resources
by Investors Overseas Services, Ltd. and to foreclose on
the collateral given by Investors Overseas Services, Ltd.
for that note.  The collateral holder and other parties

---

11/  Mercantile Bank & Trust Co., Ltd. v. King Resources Co.,
D. Colo., Civil Action No. C-2959
12/  Delafield Capital Corp. v. King Resources Co., D. Colo.,
Civil Action No. C-2524.

- 7 -

claiming an interest in the note and collateral are named as
defendants and a series of cross-claims and counterclaims are
asserted, as well as third-party claims against John M. King
and others.

III.   The Question of Transfer

     In its original motion, King Resources summarily asserted
that the central allegations of the SEC case pending in the
District of Colorado against the King defendants were common
to each of the other actions and that the depositions and other
discovery taken in that action would be of importance in all
cases.  And it asserted that, in addition  to the discovery
already accomplished in Colorado, documents and witnesses
that  King Resources wished to use were located in Colorado,
making it the appropriate transferee forum.

     In further support of this position the trustee has
filed with the Panel the Initial Report and Opinion of Special
Counsel appointed by the Colorado court in the SEC proceeding
against King Resources.  Special Counsel was appointed by the
court, prior to the commencement of the corporate reorganiza-
tion, to ascertain whether any causes of action existed on
behalf of King Resources against its officers and directors,
and his report is said to demonstrate the common questions
of fact present in the ten cases proposed for transfer.
That report suggests that the transactions covered by the
SEC complaint were part of a three-phase effort to take over
management and control of Investors Overseas Services, Ltd.,

- 8 -

apparently one of King's largest customers.  Each of the
ten actions is alleged to arise out of one or more phases
of this take-over effort, which proved unsuccessful.

We think transfer is appropriate, at this time, however,
only in the four stockholder and debenture holder actions.
Indeed, plaintiffs in the three actions seeking class repre-
sentation have agreed to the transfer of their cases to
Colorado for coordinated pretrial proceedings.  We think
the existence of common questions of fact concerning the
alleged securities law violations of King Resources and
its individual officers and directors has been clearly
demonstrated by the manner in which the complaints track
the allegations of the earlier SEC complaint concerning the
specific omissions and misrepresentations of the King
Resources defendants.  Discovery in these actions will most
certainly proceed along the same lines of inquiry and
transfer of all cases to a single judge will be both for
the convenience of the parties and witnesses and for the
just and efficient conduct of the litigation.[13/]  The
District of Colorado, home of King Resources, John M. King
and many of the defendant individuals and entities is the
logical transferee district for these cases, especially
since the Chapter X Reorganization is now pending there.

---

13/  Although the SEC action against King Resources is
already pending in Colorado, we do not deem it appropriate
for inclusion in the order of transfer since it seems to be
at such an advanced stage of preparation.

- 9 -

Some concern is expressed by plaintiff Gross that his cause of action against his broker, Blyth & Co., may become lost in the coordinated discovery proceedings and Gross requests that the transferee court be allowed to remand to Oregon any issues determined to be of a local nature.  A substantially similar argument is advanced by parties to the Licker action.  Section 1407(a) gives the power to remand transferred actions, claims, cross-claims and counter-claims to the Panel only.  We have in the past entertained motions to remand, but our past experience with securities law actions involving both claims against the issuer of securities and against the broker participating in their sale to plaintiff indicates that it is generally preferable to transfer all such actions to a single judge, who can then arrange a schedule for the expeditious completion of pre-trial proceedings in common areas.[14/]

The only other matters conclusively established by the briefs and arguments are that the SEC action in the Southern District of Ohio and the Staley and Pyle limited partnership actions in the District of Oregon are inappropriate for transfer.  Substantially all discovery has been completed in the SEC action and it has been set for trial.  The parties to that action have also argued convincingly

---

14/   In re Four Seasons Securities Litigation, 331 F. Supp. 559 (J.P.M.L. 1971).

that non-common issues predominate.  Four separate groups
of defendants are named in these, only one of which includes
King Resources.  No common conspiracy between the groups
is alleged and the only reason all defendants have been
named in one complaint is apparently because they all
obtained their financing from the State of Ohio through
common parties, the Crofters group of defendants.

None of the parties favor transfer of the Oregon
limited partnership actions for pretrial proceedings with
the other cases.  And no showing has been made of any
factual issues raised in those cases common to the other
cases.  Both actions apparently involve the private purchase
of partnership interests in two oil and mineral exploration
partnerships not involved in any other action.  Since the
purposes of Section 1407 would not be served by transfer of
the SEC Ohio action and the two Oregon partnership actions,
the motion will be denied with prejudice as to these three
cases.

As to the remaining four actions, the movant has failed
to make the requisite showing under Section 1407.  The initial
motion of King Resources stated the need for transfer in
summary terms, without specifying the common issues of fact.
The reorganization trustee's supplemental brief, including
the Initial Report and Opinion of Special Counsel in the
Colorado SEC case, provides little more substantiation of

the need for transfer.  The Initial Report suggests that the
acts and occurrences which gave rise to these actions may all
have been part of a larger plan aimed at securing control of
Investors Overseas Services, Ltd. for King Resources.  But
the fact of an overall plan on the part of King Resources
is not sufficient to tie together what appear to be a series
of unrelated factual situations giving rise to unrelated
causes of action.  The other parties to these actions
strongly oppose transfer, arguing that their cases arise
out of individual facts and that the mere naming of a common
defendant is insufficient to support transfer.  For these
reasons, we have concluded that the motion for transfer of
the remaining five actions should be denied at this time,
with leave to the parties to reapply should circumstances
later warrant.

IT IS THEREFORE ORDERED that the actions listed on the
attached Schedule A be, and hereby are, transferred to the
District of Colorado and, with the consent of that court,
are assigned to the Honorable Sherman G. Finesilver for
coordinated or consolidated pretrial proceedings;

IT IS FURTHER ORDERED that the motion to transfer the
actions listed on the attached Schedule B be, and hereby is,
DENIED with prejudice;

- 12 -

IT IS FURTHER ORDERED that the motion to transfer the actions listed on the attached Schedule C be, and hereby is, DENIED without prejudice to the right of any party to apply for relief under 28 U.S.C. §1407, should circumstances warrant.

SCHEDULE A                    - 13 -                    DOCKET NO. 79

### DISTRICT OF OREGON

Leonard Gross, et ux v. Blyth Y Co., et al.     Civil Action
                                                No. 70-751

### DISTRICT OF COLORADO

Dietrich Corp. v. King Resources Co., et al.    Civil Action
                                                No. C-3424

### NORTHERN DISTRICT OF OHIO

Joseph N. Morrell, et ux v. John M. King.,      Civil Action
   et al.                                       No. C-71-805

### NORTHERN DISTRICT OF CALIFORNIA

Donald J. Licker v. King Resources Co., et. al. Civil Action
                                                No. C-71-882-RHS

SCHEDULE B      - 14 -      DOCKET NO. 79

### SOUTHERN DISTRICT OF OHIO

Securities and Exchange Commission v.     Civil Action
   Crofters, Inc., et al.                    No. 70-351

### DISTRICT OF OREGON

Stoddard H. Pyle v. K. R. Funds, Inc., et al.    Civil Action
                                               No. 71-299

Robert E. Staley v. The Wolf Corp., et al.    Civil Action
                                                 No. 70-695

### DISTRICT OF COLORADO

Securities and Exchange Commission v. King    Civil Action
   Resources Co., et al.                    No. C-2858

SCHEDULE C                    - 15 -                    DOCKET NO. 79

### CENTRAL DISTRICT OF CALIFORNIA

Financial Data Relations, Inc. v. The          Civil Action
    Colorado Corp., et al.                     No. 71-1096-DWW

### DISTRICT OF NEW JERSEY

William D. Neary, etc. v. IOS, Ltd., et al.    Civil Action
                                               No. 235-71

### DISTRICT OF COLORADO

Mercantile Bank and Trust Co., Ltd. v. King    Civil Action
    Resources Co.                              No. C-2959

Delafield Capital Corp. v. King Resources      Civil Action
    Co.                                        No. C-2524

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV -2 1972

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE KING RESOURCES COMPANY
SECURITIES LITIGATION

Donald J. Licker, et al. v. King        )
Resources Co., et al., D. Colorado,)        DOCKET NO. 79
Civil Action No. C-3981 (N.D. Cal.,)
C-71-882-RHS)                           )

OPINION AND ORDER
_____

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF
THE PANEL
_____

PER CURIAM

    The above-captioned action was one of four actions

brought by stock and debenture holders of King Resources

Company which the Panel ordered transferred to the District

of Colorado for coordinated or consolidated pretrial proce-

edings.  In re King Resources Company Securities Litigation,

342 F. Supp. 1179 (J.P.M.L. 1972).  Plaintiffs in the Licker

action have moved the Panel for remand of the Third, Fourth,

Sixth and Eighth Claims set forth in their complaint (here-

inafter referred to as the "broker claims") to the Northern

District of California.  No response to plaintiffs' motion

_____

*          Although Judges Weinfeld, Robson and Weigel were
unable to attend the Panel hearing, they have, with the
consent of all parties, participated in this decision.

- 2 -

was filed and the plaintiffs requested that the matter be submitted on the briefs.  After examining plaintiffs' complaint and reviewing their brief in support of their motion, we find that plaintiffs' motion for remand of those four claims should be granted.

Plaintiffs are eight Northern California investors who allegedly suffered losses from their investments in King Resources common stock.  They joined in a lawsuit filed in the Northern District of California alleging that their damages resulted from conduct by defendants which violated federal and California law.  The complaint contains eight claims:  Four claims (the "issuer claims") are asserted against King Resources Company and two of its officers and directors; and the other four claims (the "broker claims") are asserted against a local San Francisco securities firm which offered and sold King Resources common stock to the plaintiffs.  The defendants in the broker claims are alleged to have acted in concert with each other and independently of the defendants in the issuer claims.

In our earlier opinion we concluded that the issuer claims in the Licker action should be transferred to the District of Colorado for coordinated or consolidated pre-trial proceedings along with the other stockholder and debenture holder actions concerning alleged securities law violations by King Resources and its individual officers and directors.  Because our past experience with broker claims like those in Licker indicated that they should be coordinated

- 3 -

with the common claims against the issuers of the securities
we transferred the entire Licker action to Colorado. <u>In re
King Resources Securities Litigation</u>, <u>supra</u> at 1183.

Plaintiffs in <u>Licker</u> have now advanced persuasive logic
for the remand of their broker claims. These claims relate
exclusively to the San Francisco brokerage firm and alleged
misrepresentations and nondisclosures made by representatives
of that firm. This brokerage firm and its representatives
are not a party to any other consolidated action and its sales
of King Resources securities were relatively small. For this
reason the discovery sought by plaintiffs on the broker claims
will not duplicate discovery conducted in the coordinated
proceedings and will not be of interest to the other parties
to the litigation. It should be noted in this connection
that none of the other parties have opposed this motion for
remand.

IT IS THEREFORE ORDERED that plaintiffs' Third, Fourth
Sixth and Eighth Claims in the action <u>Donald J. Licker, et al</u>.
<u>v. King Resources Co., et al</u>. be, and the same hereby are,
remanded from the District of Colorado to the Northern District
of California for further proceedings.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 17 1972

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE KING RESOURCES COMPANY          )
SECURITIES LITIGATION                 )
                                      )
State of Ohio v. Crofters, Inc.,      )      DOCKET NO. 79
et al., S.D. Ohio, Civil Action       )
No. 72-138                            )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF
THE PANEL

PER CURIAM

          In the initial opinion and order in this litigation,

four actions brought by holders of King Resources common stock

and debentures against King Resources Company and others were

consolidated for coordinated pretrial proceedings in the

District of Colorado.  In re King Resources Company Securities

Litigation, 342 F. Supp. 1179(J.P.M.L. 1972).  One of the

defendants in the above-captioned action pending in the Southern

District of Ohio has moved, pursuant to 28 U.S.C. §1407, for

an order transferring that action to the District of Colorado

for inclusion in the coordinated or consolidated pretrial

proceedings.  Plaintiff State of Ohio is the only party

---

*   Although Judges Weinfeld, Robson and Weigel were unable
    to attend the hearing, they have, with the consent of all
    parties, participated in this decision.

- 2 -

opposed to transfer.  On the basis of the papers filed and the hearing held, we find that transfer of the State of Ohio action to Colorado will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The State of Ohio alleges that, in connection with its purchase of two notes of King Resources Company, having a total value of eight million dollars, defendants violated the federal securities laws by disseminating false and misleading information and withholding material information regarding the financial condition of King Resources.  Similar securities laws violations are alleged against the same principal defendants in the actions already transferred to Colorado.

Despite the fact that plaintiff State of Ohio and the plaintiffs in the transferred actions purchased different securities through different marketing channels, all plaintiffs will most certainly proceed along similar lines of inquiry concerning the financial condition of King Resources and its general operations and transactions with others.  This means, of course, that depositions of common witnesses will be noticed and that the documents and records of the common defendants will be subjected to intensive inspection by each group of plaintiffs.  Transfer of the State of Ohio case to Colorado for participation in the coordinated pretrial proceedings is, therefore, necessary to avoid duplication in discovery,

- 3 -

unnecessary inconvenience to the parties and their witnesses,
and the possibility of inconsistent pretrial rulings.

Plaintiff contends that nine of the twelve claims
set forth in its complaint concern defendants not involved
in any of the transferred cases and should remain in the
Southern District of Ohio for further proceedings.  We have not
been persuaded, however, that proof of those claims will not
involve discovery duplicating that being pursued in the
transferee district.  We think the best course of action is
to transfer all claims to the District of Colorado where
the transferee judge can determine which claims, if any,
do not involve common discovery and are appropriate for remand.
An expeditious procedure for remand of cases or claims by
the Panel is provided in the Panel's recently amended Rule 15. 1/

IT IS THEREFORE ORDERED that State of Ohio v. Crofters,
Inc., et al., S.D. Ohio, Civil Action No. 72-138, be, and the
same hereby is, transferred to the District of Colorado and
assigned to the Honorable Sherman G. Finesilver for coordinated
or consolidated pretrial proceedings.

---

1/      See Rule 15 of the Rules of Procedure of the Judicial
        Panel on Multidistrict Litigation, 55 F.R.D. XXX

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 13 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE KING RESOURCES COMPANY SECURITIES   )
LITIGATION                                )
                                          )
State of Ohio v. Crofters, Inc., et al.,  )    DOCKET NO. 79
  D. Colorado, C.A. No. C-4628            )
State of Ohio v. A. Rowland Boucher,      )
  D. Colorado, C.A. No. 75-F-573          )

OPINION AND ORDER
                    ─────────────

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN
A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY*, AND ROY W.
HARPER, JUDGES OF THE PANEL
              ─────────────

PER CURIAM

     The Panel previously centralized several actions in this

litigation in the District of Colorado and, with the consent

of that court, assigned them to the Honorable Sherman G. Finesilver

for coordinated or consolidated pretrial proceedings pursuant

to 28 U.S.C. §1407.  In re King Resources Company Securities

Litigation, 342 F. Supp. 1179, 352 F. Supp. 974, 352 F. Supp.

975 (J.P.M.L. 1972); 385 F. Supp. 588 (J.P.M.L. 1974).

     The above-captioned actions (Boucher and Crofters) involve

the State of Ohio's purchase of $8,000,000 in securities of King

Resources Company and Ohio's allegations that, in connection

with these purchases, Ohio relied upon certain financial statements

─────────────
*    Judge Caffrey did not participate in the decision of this
matter.

- 2 -

of King Resources which deliberately and materially misstated King Resources' financial condition.  Both actions are brought under the federal securities laws.  In Boucher, Ohio alleges that Boucher, as a director and the president of King Resources, was authorized to and did act on behalf of the company in selling securities to Ohio.  See In re King Resources Co., supra, 385 F. Supp. at 589.  In Crofters, Ohio alleges that a variety of defendants disseminated the misleading information. See In re King Resources, Co., supra, 352 F. Supp. 975, 976. In late 1975, Judge Finesilver denied Ohio's motion to consolidate Crofters and Boucher.

In early 1978, Judge Finesilver afforded all parties in these two actions the opportunity to show cause why these two actions should not be remanded to the Southern District of Ohio. Before Judge Finesilver, only plaintiff Ohio opposed remand. In connection with the position it took before Judge Finesilver, Ohio moved, pursuant to 28 U.S.C. §1404(a), to transfer Crofters and Boucher from the Southern District of Ohio to the District of Colorado for all purposes.  Judge Finesilver has denied Ohio's Section 1404(a) motion.  In re King Resources Company Securities Litigation, MDL-79 (D. Colo., filed May 9, 1978).  In addition, Judge Finesilver has suggested to the Panel that Crofters and Boucher are appropriate for remand, stating in part as follows:

- 3 -

        Pretrial proceedings in State of Ohio v. Crofters have
been completed.  Pretrial procedures in State of Ohio v.
Boucher have not been completed.  However, the Boucher case
is a simple action against a single defendant.  Discovery
in Boucher has, for the most part, been completed in con-
junction with State of Ohio v. Crofters.  The advantages
which were contemplated in the transfer of State of Ohio
v. Boucher to this court under 28 U.S.C. §1407 no longer
exist and this judge sees his role as a transferee judge
at an end.

In re King Resources Company Securities Litigation, MDL-79, slip

op. at 2 (D. Colo., filed May 10, 1978).

        In the transferee district, only Boucher and Crofters are

still pending before Judge Finesilver.  With one exception,[1]

the other actions in this litigation have either been terminated

or remanded to the transferor district.

        On May 26, 1978, the Panel issued an order to show cause

why Crofters and Boucher should not be remanded, pursuant to

Section 1407, to the Southern District of Ohio.  Ohio again opposes

remand of these two actions.  Dun & Bradstreet, Inc. and Arthur

Andersen & Co. (Arthur Andersen), defendants in Crofters, favor

remand of Crofters and take no position concerning remand of

Boucher.

        We find that remand of Boucher and Crofters is appropriate

at this time and, accordingly, we order them remanded to the

Southern District of Ohio.

_____

1/    This action, State of Ohio v. Peterson, Lowry, Rall, Barder
& Ross, et al., D. Colorado, C.A. No. 76-992, was dismissed by
Judge Finesilver and that order of dismissal is now on appeal
in the Court of Appeals for the Tenth Circuit.

- 4 -

In opposing remand of Boucher, Ohio emphasizes that pretrial proceedings in that action have not been completed.  A motion to dismiss based upon an alleged lack of jurisdiction remains pending in the transferee court, defendant Boucher has not yet answered the complaint, and further discovery in Boucher is required, Ohio states.  While additional discovery need not be extensive or protracted, this discovery and other pretrial proceedings in Boucher, including the preparation of a final pretrial order, can most efficiently be conducted in the District of Colorado, Ohio maintains, because Judge Finesilver, through his supervision of pretrial proceedings in the actions in this litigation and preparation of a final pretrial order in Crofters, has developed a detailed familiarity with the legal and factual issues involved in Boucher.

In support of its argument that remand of Crofters is inappropriate at this time, Ohio states that Arthur Andersen recently filed a petition for a writ of certiorari in the United States Supreme Court seeking review of a judgment of the Court of Appeals for the Tenth Circuit affirming an order by Judge Finesilver in Crofters that imposed sanctions against Arthur Andersen for disobedience of certain discovery orders.  State of Ohio v. Crofters Inc., et al., 75 F.R.D. 12 (D. Colo. 1977), aff'd sub nom. State of Ohio v. Arthur Andersen Co., 570 F.2d 1370 (10th Cir. 1978). Ohio argues that if the writ is issued, trial in

- 5 -

Crofters would be delayed pending the Supreme Court's review,
and, in the event of remand by the Court for reconsideration
or further findings regarding the matters Arthur Andersen raises
in its petition, Crofters would have to be retransferred to the
District of Colorado.  Accordingly, Ohio urges that remand of
Crofters and Boucher should await, at the least, a ruling by
the Supreme Court on Arthur Andersen's petition.  Ohio stresses
that this delay would not be detrimental since in the interim
the remaining pretrial proceedings could be completed in Boucher,
thus enabling both actions to be ready for trial upon their remand
to the  Southern District of Ohio.

In considering the question of remand, the Panel has consis-
tently given great weight to the transferee judge's determination
that remand of an action is appropriate.  See, e.g., In re Ever-
green Valley Project Litigation, 435 F. Supp. 923, 924 (J.P.M.L.
1977).  The transferee judge has a special vantage point with
respect to the conduct of coordinated or consolidated pretrial
proceedings under Section 1407, and his suggestion of remand
to the Panel demonstrates that he perceives his role under Section
1407 to have ended.  See  id.; In re IBM Peripheral EDP Devices
Antitrust Litigation, 407 F. Supp. 254, 256 (J.P.M.L. 1976).
In adopting Judge Finesilver's recommendation, we stress that
all parties were afforded an opportunity fully to present their
views on this matter in the transferee district and Judge Finesilver

- 6 -

has given this matter detailed consideration.  We note that Judge
Finesilver expressly rejected Ohio's argument that he is uniquely
qualified to preside over the completion of pretrial proceedings
in Boucher.  In his May 9, 1978 order denying Ohio's motion pursuant
to Section 1404(a) to transfer Crofters and Boucher to the District
of Colorado, supra, Judge Finesilver stated as follows (slip
op. at 5):

> Neither is it of importance that this court has some
> familiarity with State of Ohio v. Crofters.  The Southern
> District [of Ohio] and the Sixth Circuit Court of Appeals
> have encountered the King Resources Company situation in
> other related litigation and are not unfamiliar with the
> general factual scheme or the particular aspects of securities
> fraud alleged here.

We do not agree with Ohio's argument that the Panel should
defer its decision concerning remand of Crofters because of Arthur
Andersen's petition for a writ of certiorari.  Should the Supreme
Court deny this petition, deferral of remand pursuant to Section
1407 would have needlessly delayed final resolution of Crofters.
On the other hand, should the Court grant the petition and render
a decision on the issues presented in the petition, we are con-
fident that, if necessary, communication and cooperation among
the appropriate courts, coupled with the cooperation of the parties
in Crofters, would be sufficient to carry out the Court's decision.

- 7 -

  IT IS THEREFORE ORDERED that the actions captioned <u>State of Ohio v. Crofters</u>, D. Colorado, C. A. No. C-4628, and <u>State of Ohio v. A. Rowland Boucher</u>, D. Colorado, C.A. No. 75-F-573, be, and the same hereby are, remanded to the Southern District of Ohio.